UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES MADISON McCAULEY, #1004891,  :
                                        :
      Petitioner,                  :
                                          :
v.                                    :      Action No. 2:15cv504
                                          :
HAROLD W. CLARKE,                  :
Director, Virginia Department  :
of Corrections,                :
                                          :
      Respondent.                 :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Madison McCauley ("McCauley"), a Virginia inmate, filed a pro sé petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Pursuant to Rule 83.4 of the Rules of the United States District Court for the Eastern District of Virginia, McCauley filed an amended petition (ECF No. 7) using the required standardized forms. McCauley's petition alleges that he was deprived of his constitutional rights regarding his 1996 guilty plea and felony conviction. This action was referred to the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the undersigned recommends that the Respondent's Motion to Dismiss (ECF No. 17) be GRANTED and that McCauley's amended habeas petition (ECF No. 7) be DENIED

1

and DISMISSED with prejudice.

## I.   STATEMENT OF THE CASE

In April 1996, McCauley was sentenced to life in prison plus twenty years by the Circuit Court of the County of Chesterfield after pleading guilty to forcible sodomy and aggravated sexual battery. Commonwealth v. McCauley, Nos. CR95F01751-01, CR95F01752-02 (Va. Cir. Ct. May 17, 1996) (ECF No. 19-3, at 1-2). Pursuant to a written plea agreement, the Commonwealth agreed to nolle prosse charges of attempted rape (CR95F01752-03), three counts of forcible sodomy (CR95F01751-02, CR95F01752-01, CR95F01751-04), and a count of aggravated sexual battery (CR95F01752-05). (ECF No. 19-1, at 1-2). In the signed plea agreement, both parties agreed that McCauley would be sentenced after preparation of a pre-sentence report that would include victim impact statements. Id. at 1

On April 18, 2007,[1] McCauley filed a document entitled "Motion for Post-Conviction Relief" in the Chesterfield County Circuit Court alleging a breach of the plea agreement by the Commonwealth's Attorney, ineffective counsel, and denial of his right to appeal his sentence. State Habeas Pet., McCauley v. Hauler, Nos. CR95F01751-01, CR95F01752-02, (Va. Cir. Ct. Apr. 18, 2007). The Chesterfield County Circuit Court denied

---

[1] A habeas petition is considered filed when the pleading is "directed to the clerk of the ... court when it is delivered to jail officials." Lewis v. Richmond Police Dep't., 947 F.2d 733, 735 (4th Cir. 1991).

2

McCauley's motion on the grounds that the petition was time-barred under the Virginia habeas statute of limitations. McCauley v. Hauler, Nos. CR95F01751-01, CR95F01752-02 (Va. Cir. Ct. May 18, 2007) (ECF No. 19-4, at 1).

On May 4, 2007, McCauley filed a mandamus action with the Supreme Court of Virginia seeking the transcripts from his criminal proceedings. McCauley v. Warden of the Keen Mountain Corr. Ctr., No. 071170 (Va. May 4, 2007). McCauley's motion was dismissed on July 23, 2007. McCauley v. Warden of the Keen Mountain Corr. Ctr., No. 071170 (Va. July 23, 2007).

McCauley filed a later habeas petition with the Supreme Court of Virginia in June 2007. State Habeas Pet., McCauley v. Warden of the Keen Mountain Corr. Ctr., No. 071241 (Va. June 4, 2007). In this petition, McCauley alleged that his counsel was ineffective because he failed to raise objections to his sentence, which was above the pre-sentencing guidelines provided after his guilty plea. Id. The Supreme Court of Virginia dismissed McCauley's habeas petition on July 30, 2007, as time-barred pursuant to Virginia Code § 8.01-654(A)(2). McCauley v. Warden of the Keen Mountain Corr. Ctr., No. 071241 (Va. July 30, 2007) (ECF No. 19-5, at 1). McCauley's petition for rehearing was also denied by order dated September 21, 2007. McCauley v. Warden of the Keen Mountain Corr. Ctr., No. 071241 (Va. Sept 21, 2007) (ECF No. 19-5, at 2).

In October 2007, McCauley filed a "Petition for Resentencing" with the Chesterfield County Circuit Court, and the court dismissed the petition for lack of jurisdiction on November 13, 2007. Commonwealth v. McCauley, Nos. CR95F01751-01, CR95F01752-02 (Va. Cir. Ct. Nov. 13, 2007).

On January 31, 2009, McCauley filed another habeas petition in the Chesterfield County Circuit Court. State Habeas Pet., McCauley v. Johnson, No. CL09-303 (Va. Cir. Ct. Jan. 31, 2009). In his petition, McCauley alleged numerous constitutional violations. Id. He argued that his sentence violated the Due Process Clause, the Equal Protection Clause, and the Double Jeopardy Clause. Id. The court dismissed McCauley's petition as time-barred under Virginia's statute of limitations for habeas relief. McCauley v. Johnson, No. CL09-303 (Va. Cir. Ct. Oct. 9, 2009).

McCauley appealed the ruling to the Supreme Court of Virginia, and the court refused the appeal by order on June 7, 2010. McCauley v. Johnson, No. 100008 (Va. June 7, 2010) (ECF No. 19-7, at 1). McCauley's request for a rehearing on the matter was also denied. McCauley v. Johnson, No. 100008 (Va. Sept 22, 2010) (ECF No. 19-7, at 2).

In January 2015, McCauley filed a third habeas action with the Chesterfield County Circuit Court with similar allegations of ineffective counsel and a breach of his plea agreement.

4

*Commonwealth v. McCauley*, Nos. CR95F01751-01, CR95F01752-02 (Va. Cir. Ct. Jan. 5, 2015). The court again dismissed McCauley's action for lack of jurisdiction. *Commonwealth v. McCauley*, Nos. CR95F01751-01, CR95F01752-02 (Va. Cir. Ct. Jan. 23, 2015) (ECF No. 19-8, at 1).

On December 10, 2015, McCauley, proceeding pro sé, filed his current amended petition[2] in this court, pursuant to 28 U.S.C. § 2254. (ECF No.7). McCauley's petition raises the following claims:

(1) McCauley's Miranda rights were violated when the arresting officers failed to administer Miranda warnings after he was detained and questioned.

(2) McCauley's Sixth Amendment right to counsel was violated when he was not provided counsel during a pre-trial hearing.

(3) The Commonwealth's Attorney committed fraud by sentencing McCauley above the sentencing guidelines provided in his pre-sentencing report in violation of his signed plea agreement.

---

[2] McCauley filed his original habeas petition entitled "Motion to Vacate Unconstitutional Sentence/Rights Violated/Extrinsic Fraud" in the United States District Court for the Western District of Virginia on November 5, 2015. (ECF No.1). After the case was transferred to the Eastern District of Virginia, this court directed McCauley to file his habeas petition on the appropriate form pursuant to Rule 83.4 of the Rules of the United States District Court for the Eastern District of Virginia. See (ECF No.6). McCauley filed his amended petition in this court on December 27, 2015. (ECF No.7).

(4) The judge presiding over McCauley's sentencing hearing was biased against McCauley and failed to provide a reason for the sentence imposed.

(5) The Commonwealth's Attorney was vindictive towards McCauley during his sentencing hearing.

(6) McCauley's counsel was ineffective at his sentencing hearing because he did not raise an objection to McCauley's sentence or appeal the judgment.

(7) McCauley's sentence of life in prison plus twenty years is unconstitutional and violates the Eight Amendment's prohibition against cruel and unusual punishment.

(8) McCauley's sentence for forcible sodomy and aggravated sexual battery violates the Double Jeopardy Clause of the Fifth Amendment.

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent timely filed an Answer (ECF. No. 18), Motion to Dismiss (ECF No. 17), and memorandum in support (ECF No. 19). Respondent argues that McCauley's claims are time-barred by the one-year statute of limitations provision found in 28 U.S.C. § 2244(d) and are without merit. (ECF No. 19, at 7-12).

McCauley filed a timely Response. (ECF No. 23). In his brief, McCauley argues that he has exhausted all of his state remedies and that it would be a "miscarriage of justice" for

6

this court to deny him the opportunity to present all of his claims. Id. at 3.

After reviewing McCauley claims, this Report concludes that McCauley's federal habeas petition is time-barred, and he fails to demonstrate the prerequisites to equitable tolling or a colorable claim of actual innocence which might permit federal review of his untimely filing.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. McCauley's Habeas Petition Is Time-Barred Under the One-Year Federal Statute of Limitations.

McCauley's petition for writ of habeas corpus is time-barred by the federal statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). Federal law requires that a petitioner alleging a violation of federal rights regarding a state conviction must file a habeas petition in federal court no later than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).[3] For the purposes of subsection (A), though state habeas petitions may toll the running of the limitations period, they do not prolong

---

[3] 28 U.S.C. § 2244(d) provides three other possible dates that could begin the statute of limitations, but the statute requires the latest applicable date for the petitioner. Neither party argues that subsections (B), (C), or (D), should be the basis for the start date. See U.S.C. § 2244(d)(1)(B), (C), (D).

7

the date on which the conviction becomes final.  See Wade v. Robinson, 327 F.3d 328, 332, 333 n.4 (4th Cir. 2003) ("[F]ederal courts do not look to the date of the state court's denial of habeas relief as the date on which the custody judgment becomes final, but, rather, to the date the conviction is affirmed on direct review.").

McCauley's petition is subject to the one-year statute of limitations period of the AEDPA, because he is currently held in custody by the Virginia Department of Corrections pursuant to his 1996 conviction and sentence in the Chesterfield County Circuit Court.  See Wade, 327 F.3d at 331.

The Chesterfield County Circuit Court entered a final judgment in McCauley's criminal case on May 17, 1996.[4]  Because there was no appeal to a Virginia appellate court, McCauley's criminal convictions were final on June 17, 1996, thirty days after the entry of the Circuit Court order.[5]  Therefore, the statutory deadline for McCauley to file a federal habeas petition was June 17, 1997.  McCauley filed his first state habeas petition on April 18, 2007, and the petition was ultimately dismissed by the Chesterfield County Circuit Court as

---

[4] The AEDPA became effective on April 24, 1996, approximately three weeks before the final judgment order in McCauley's case.  The AEDPA governs federal habeas applications filed after the effective date. Woodford v. Garceau, 538 U.S. 202, 210 (2003).

[5] Supreme Court of Virginia Rule 5A:6 states that "[n]o appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree...."  Va. Sup. Ct. Rule 5A:6.

time-barred pursuant to Virginia's habeas statute of limitations. See (ECF No. 19-4); see also Virginia Code § 8.01-654(A)(2).

McCauley's original federal petition for writ of habeas corpus was filed in the Western District of Virginia on November 5, 2015, more than eighteen years after the closing of the statutory limitation period. See (ECF No. 1). Thus, McCauley's habeas petition is time-barred by the one-year federal statute of limitations period, absent a showing by McCauley that he is entitled to equitable tolling or that review is necessary to avoid a miscarriage of justice. 28 U.S.C. § 2244(d); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); Holland v. Florida, 560 U.S. 631, 634 (2010).

**B.  McCauley's Claims Are Not Entitled to Equitable Tolling.**

Equitable tolling is reserved only for "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Habeas petitions seeking relief pursuant to 28 U.S.C. § 2254 are subject to equitable tolling if the petitioner is able to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented a timely filing. Lawrence v. Florida,

549 U.S. 327, 339 (2007). A petitioner bears the burden of establishing grounds of equitable tolling, by demonstrating due diligence and identifying any extraordinary obstacles that may have prevented his timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 634.

In this case, McCauley has failed to meet the requirements for equitable tolling to excuse the untimely filing of his federal habeas petition. McCauley provides no justification for failing to file a petition within one year of his criminal convictions becoming final.

Although the record reflects that McCauley eventually pursued his claims vigorously, he fails to demonstrate the extraordinary circumstances required to invoke equitable tolling. McCauley has filed numerous briefs since 2007 asserting his claims primarily in state court. Although prolific once begun, his initial filings were made nearly ten years after the closing of the statute of limitations period. Accordingly, McCauley has not demonstrated diligence, nor has he identified any extraordinary obstacle that would have prevented a timely filing. Thus, he is not entitled to equitable tolling and his habeas petition is time-barred.

C.  **McCauley Fails to Show that the Actual Innocence Exception Would Excuse the Time-Bar and Permit the Court to Consider His Petition**

Even if a petitioner fails to meet the necessary requirements for equitable tolling, a court may still examine an untimely habeas petition if the petitioner can present "a convincing showing of actual innocence." McQuiggin, 133 S. Ct. at 1928. A petitioner's successful claim of actual innocence is not a dispositive sign for relief but rather "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (2005) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). To establish a claim to "actual innocence", the petitioner must provide new reliable evidence that challenges the validity of the petitioner's conviction. See Schlup, 513 U.S. at 324. A petitioner does not meet the actual innocence threshold unless he persuades a court that as a result of the new evidence, "no reasonable juror would have found the defendant guilty." Id; see also McQuiggin, 133 S. Ct. at 1928. In addition, the period of delay in the filing of a petition is "a factor bearing on the reliability of th[e] [new] evidence" supporting an actual innocence claim. McQuiggin, 133 S. Ct. at 1928 (quoting Schlup, 513 U.S. at 332).

In his response, McCauley argues that he should be permitted to present the merits of his constitutional claims, relying on Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005). See (ECF No. 23, at 1). However unlike McCauley's case, the petitioner in Souter was able to demonstrate a credible claim of actual innocence by "present[ing] new evidence collected over the past several years that [did] raise sufficient doubt about his guilt and that undermine[d] confidence in the result of his trial."[6] Souter, 395 F.3d at 590.

In the present case, McCauley's only claim of actual innocence regarding his 1996 conviction appears in a brief addendum filed in this court on April 15, 2016. (ECF No. 22). In his filing, he argues that one of the victims of his crime was coerced by the prosecution to testify against him. Id. at 3. However, McCauley provides neither affidavits nor any "new reliable evidence" to support this allegation. Moreover, he offers no explanation for the eighteen year delay in raising this claim. McCauley's proffer of evidence is not "a convincing showing" of actual innocence, McQuiggin, 133 S. Ct. at 1928, and the actual innocence exception to the federal statute of limitations does not apply to McCauley's petition.

---

[6] The petitioner in Souter provided additional evidence that was not available during his murder trial including the discovery of new photographs of the victim's clothing and a board-certified forensic pathologist's recantation of his trial testimony as a prosecution witness that the murder weapon would have caused the victim's wounds. Souter 395 F.3d at 583-84.

## III. **RECOMMENDATION**

For the forgoing reasons, McCauley's petition is time-barred, and the undersigned recommends that the court GRANT Respondent's Motion to Dismiss, and that McCauley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.   A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

3.   The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations.

Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Report and Recommendation to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 22, 2016

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

**James Madison McCauley,**
#1004891
Red Onion state Prison
P.O. Box 1900
Pound, VA 24279

And an electronic copy was provided to:

**Virginia B. Theisen**
Office of the Attorney General
202 North Ninth Street
Richmond, VA  23219

Fernando Galindo, Clerk

By_____
Deputy Clerk

June 22, 2016

15